UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THOMAS P. WINDOM FOR ORDER DETERMINING WHETHER CERTAIN INFORMATION IS PROTECTED FROM DISCLOSURE BY FEDERAL RULE OF CRIMINAL PROCEDURE 6(e) | Case No. 25-mc-138<br><br>Chief Judge James E. Boasberg<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**UNDER SEAL** |

## SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

Applicant Thomas P. Windom files this supplement to notify the Court of additional information he recently received from the U.S. Department of Justice ("Department") relating to his application to this Court. On September 3, 2025, Mr. Windom filed an application requesting an order determining whether certain information relating to grand jury investigations is protected from disclosure by Federal Rule of Criminal Procedure 6(e). As described in Mr. Windom's initial memorandum of points and authorities ("Mem."), Mr. Windom requested this order to resolve a dispute over whether the U.S. House of Representatives Committee on the Judiciary ("Committee") may compel him to answer certain questions at a deposition noticed for September 30, 2025.

On August 5, counsel for Mr. Windom sent a letter to the Department requesting its position on several unresolved issues relevant to his deposition, including whether the topics described in the Committee's July 21, 2025, cover letter accompanying the deposition subpoena implicate the grand jury secrecy rules set forth in Rule 6(e). *See* Mem. at 8 and Exhibit K (Aug. 5, 2025 Letter from P. Burton). Mr. Windom requested that the Department provide its position on these issues by August 15. *See* Mem. Exhibit K at 7. At the time of filing Mr. Windom's application with this Court, the Department had not substantively responded to counsel's letter, despite



RECEIVED
SEP 0 8 2025
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

approximately four weeks having passed and repeated follow-up inquiries from counsel for Mr. Windom. *See* Mem. at 8 and Exhibit L (Aug. 5-29, 2025 Emails with the Department).

Mid-afternoon on September 4, the day after Mr. Windom filed his application, counsel finally received a letter from the Department responding to the August 5 request. The Department's letter (attached to this supplement as Exhibit 1) is relevant to Mr. Windom's application in several respects.

First, the Department confirms once again that Mr. Windom must obey the law: he is "not authorized to reveal information the disclosure of which is prohibited by law or court, including classified information and *information subject to Federal Rule [of] Criminal Procedure 6(e)*." Exhibit 1 at 2 (emphasis added); *see also* Mem. Exhibit F (June 4, 2025 Letter from the Department) at 2 (same).

Second, the Department declined to substantively respond to Mr. Windom's request for its position on whether the Committee's proposed deposition topics are within the scope of Rule 6(e). Rather, in response to that query, the Department referred Mr. Windom to an inapplicable subsection of the Justice Manual,[1] stated it is "not in a position to resolve on a question-by-question basis disputes between [Mr. Windom] and the Committee over what specific information may or may not be covered by Rule 6(e)," and suggested that Mr. Windom do exactly what he has done here: "ask the court." Exhibit 1 at 3. The Department also stated that, "as an extraordinary accommodation to the Committee[,]" it will not have agency counsel present during Mr. Windom's deposition (though it simultaneously stresses the "critical" importance of having agency counsel present at such depositions, and acknowledges that the Department authorizing "line attorneys"

---

[1] Justice Manual § 9-11.254 establishes record-keeping guidelines for documents obtained by grand jury subpoena and does not, as the Department's letter suggests, establish "[t]he Department's guidelines concerning the scope of Rule 6(e)" generally. Exhibit 1 at 3.

like Mr. Windom to "answer congressional questions about Department actions" contradicts Department policy). *Id.* at 2. Thus, absent a ruling by the Court, the burden remains squarely on Mr. Windom to either risk violating Rule 6(e) and other court orders—and potential criminal prosecution for contempt of court—or decline to answer the Committee's questions, thereby risking prosecution for contempt of Congress.

Third, the Department's letter appears to significantly expand the topics the Court will need to consider as part of Mr. Windom's application. As described in Mr. Windom's initial memorandum (Mem. at 7), the Committee's letter accompanying the deposition subpoena references several topics implicating Rule 6(e) that the Committee asserts Mr. Windom declined to answer during his June 12 voluntary transcribed interview, and which it intends to re-ask at Mr. Windom's deposition. *Id.*; *see also* Mem. Exhibit H (July 21 Letter from the Committee) at 2-4. Mr. Windom's counsel wrote to the Committee on August 5 requesting that the Committee provide the Department and counsel for Mr. Windom with any additional deposition topics. Mem. Exhibit J (Aug. 5, 2025 Letter from P. Burton) at 2. Although the Committee has not acknowledged or responded to our letter, it appears that the Committee has had separate communications with the Department, as the Department's September 4 letter authorizes Mr. Windom's testimony on a longer and broader list of topics, including additional topics that appear to implicate Rule 6(e), such as:

    i.    The "[s]cope of the investigation at different stages" (referring to "[t]he initial investigation into President Trump related to the events of January 6th, 2021");

    ii.    "Interactions related to this investigation with the Federal Bureau of Investigation (FBI) and Main Justice";

    iii.    "Interactions with other prosecutors related to this investigation";

    iv.     "Interactions with the United States Postal Service Office of the Inspector General (USPS-OIG), National Archives and Records Administration (NARA), and National Archives and Records Administration Office of the Inspector General (NARA-OIG)";

    v.     "Investigations conducted by this team" (referring to "participation in Special Counsel Jack Smith's work");

    vi.     "The decision to prosecute" (presumably referring to the decision to prosecute President Trump);

    vii.     "Interactions with USPS-OIG, NARA, and NARA-OIG";

    viii.     "The various cases brought against President Trump."[2]

Exhibit 1 at 1-2.[3] At minimum, certain questions on these topics appear likely to fall within the categories of information protected from disclosure by Rule 6(e), including information revealing the strategy or direction of the grand jury's investigation. *See* Mem. at 10-11 and cases cited therein. In light of this list of new—and exceedingly broad—deposition topics, as well as the Department's decision not to take a position on the scope of Rule 6(e) and refusal to provide Department counsel at the deposition, it is even more critical for this Court to make determinations on the applicability of Rule 6(e) and also to hear the view of the Committee on this issue.[4]

---

[2] It is unclear whether this topic refers to the federal criminal cases brought against President Trump, federal civil cases, state criminal cases, state civil cases, or some combination of them.

[3] The Department's letter suggests that the Committee also intends to re-ask Mr. Windom questions on topics already covered during his voluntary transcribed interview, such as: "[w]hen [Mr. Windom's] participation in the investigation began"; the "[s]tart of [Mr. Windom's] service with the Special Counsel's Office"; "[i]nteractions with Jay Bratt and other members of the classified documents case team"; and contacts with the "Fulton County District Attorney's Office." *Compare* Exhibit 1 at 1 *with* Mem. Exhibit G (Tr.), at 10:15-21 (answering questions about beginning of detail to D.C U.S. Attorney's Office); 13:8-11 (answering questions about beginning of detail to Special Counsel's Office); 117:15-120:2 (answering questions about classified documents case); 115:22-116:4 (answering questions about lack of communication with Fulton County District Attorney's Office).

[4] At the Court's direction, counsel for Mr. Windom will submit a revised proposed order in light of the additional proposed deposition topics, depending on any response from the Committee and proceedings before this Court.

Finally, Mr. Windom also filed on September 3 a motion asking this Court for leave to serve his sealed application on the Department, majority and minority counsel for the Committee, and the general counsel for the U.S House of Representatives, so that they were aware of his application and had an opportunity to present the Court with their view of Rule 6(e)'s applicability. There no longer is a need to serve the Department, now that it has declined to take a position. Therefore, Mr. Windom seeks leave only to serve the majority and minority Committee counsel and the House general counsel.

DATED: September 8, 2025

Respectfully submitted,

*/s/ Preston Burton*
Preston Burton (D.C. Bar No. 426378)
Rachel Li Wai Suen (D.C. Bar No. 500527)
Jackson Hagen (D.C. Bar No. 1671315)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037-3202
Telephone: +1 202 349 8065
Facsimile: +1 202 339 8500
pburton@orrick.com
rliwaisuen@orrick.com
jhagen@orrick.com

*Counsel for Thomas P. Windom*