# EXHIBIT 1



**U.S. Department of Justice**

Office of Legislative Affairs

*Office of the Assistant Attorney General*          *Washington, DC 20530*

Thomas Windom, Esq.
Washington, DC

Dear Mr. Windom:

    The Department of Justice (Department) understands that you have been requested by the U.S. House of Representatives Committee on the Judiciary (Committee) to provide a transcribed interview relating to your service in the Office of Special Counsel, Jack Smith. In this interview, you are authorized to provide information that you learned while at the Department as described more fully below.

    The Committee has identified specific topics of inquiry about which they have requested information from you. These topics are:

1. The initial investigation into President Trump related to the events of January 6th, 2021:
   a. When your participation in the investigation began.
   b. Scope of the investigation at different stages.
   c. Interactions related to this investigation with the Federal Bureau of Investigation (FBI) and Main Justice.
   d. Interactions with other prosecutors related to this investigation.
   e. The seizure of Representative Scott Perry's cell phone during this investigation.
   f. Interactions with the United States Postal Service Office of the Inspector General (USPS-OIG), National Archives and Records Administration (NARA), and National Archives and Records Administration Office of the Inspector General (NARA-OIG).

2. Any and all participation in Special Counsel Jack Smith's work, including but not limited to:
   a. Start of your service with the Special Counsel's Office.
   b. Your role on this team.
   c. Investigations conducted by this team.
   d. Interactions with Jay Bratt and other members of the classified documents case team.
   e. The decision to prosecute.
   f. Contact with the House Select January 6th Committee and Fulton County District Attorney's Office.
   g. Interactions with USPS-OIG, NARA, and NARA-OIG.

Thomas Windom, Esq.
Page 2

3. The various cases brought against President Trump.

4. Contact with the Office of Professional Responsibility (OPR).

The extraordinary events underlying this matter constitute exceptional circumstances warranting an accommodation to Congress in this particular case. Given these extraordinary circumstances, the Department authorizes you to provide unrestricted testimony to the Committees, irrespective of potential privilege, including the names of line attorneys and agents in the Department as it pertains to the matter identified in this letter and as limited in paragraphs 1–4. This accommodation is unique to the facts and circumstances of this particular matter.

Although you are authorized to provide information responsive to the topics outlined above, you are not authorized to reveal information the disclosure of which is prohibited by law or court, including classified information and information subject to Federal Rule Criminal Procedure 6(e).

Your letter to the Department also asked as a threshold question if the Department considered the Committee's subpoena unconstitutional and invalid due to the exclusion of agency counsel from the transcribed interview. The Department does not consider the subpoena invalid or unconstitutional.

The presence of agency counsel during subpoenaed congressional depositions is critical to protecting Executive Branch confidentiality interests in the course of the constitutionally mandated accommodation process. *See Attempted Exclusion of Agency Counsel from Congressional Depositions of Agency Employees*, 43 Op. O.L.C. 131 (2019). The same principle applies to former employees when testifying about information created or received during their employment. *See id.* at 140. It is also the Department's general policy that appropriate supervisory personnel, rather than line attorneys and agents, answer congressional questions about Department actions. *See* Letter for John Linder, Chairman, Subcommittee on Rules and Organization of the House, from Robert Raben, Assistant Attorney General, Office of Legislative Affairs at 6 (Jan. 27, 2000).

Here, however, after careful consideration and in light of the particular circumstances of this matter, including the unique information and perspective that your client may be able to provide the Committee, the Department has determined to authorize him to participate in the subpoenaed deposition and to waive any privilege that would apply with respect to the subject of his testimony as set forth by this letter and the Department's June 4, 2025, letter. Because the Department has decided to waive privilege over this information, the need for agency counsel at this deposition is lessened, and as an extraordinary accommodation to the Committee the Department has therefore determined that the presence of agency counsel is not required during this deposition. Therefore, the Department authorizes you to testify pursuant to the July 21 deposition subpoena and in accordance with the scope set out in this letter and the Department's June 4, 2025, letter.

Thomas Windom, Esq.
Page 3

    Your letter to the Department also requested the Department's views on the disclosure of information covered under the Federal Rule of Criminal Procedure 6(e) as well as information covered under the protective order in *United States* v. *Trump*. The Department's guidelines concerning the scope of Rule 6(e) are set forth in Justice Manual § 9-11.254; the Department is not in a position to resolve on a question-by-question basis disputes between you and the Committee over what specific information may or may not be covered by Rule 6(e) or the protective order issued in *United States* v. *Trump*; and to the extent you or the Committee have questions about the scope of that rule or order, we recommend you or the Committee ask the court in that matter.

    If you have questions with respect to the direction detailed above, please contact Rachel Jag at the Office of Legislative Affairs.

Sincerely,

**RACHEL JAG**
Digitally signed by RACHEL JAG
Date: 2025.09.04 14:11:58 -04'00'

Rachel Jag
Acting Assistant Attorney General