UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THOMAS P. WINDOM FOR ORDER DETERMINING WHETHER CERTAIN INFORMATION IS PROTECTED FROM DISCLOSURE BY FEDERAL RULE OF CRIMINAL PROCEDURE 6(e) | Case No. 25-mc-138<br><br>Chief Judge James E. Boasberg<br><br>**UNDER SEAL** |

## MOTION TO UNSEAL CASE

Thomas P. Windom, through undersigned counsel, hereby moves the Court to unseal this entire matter, including the docket, filings, and transcripts. Mr. Windom filed the original application under seal only because Local Criminal Rule 6.1 required it. *See* Application, Sept. 3, 2025, at 1. As no specific material referenced in these proceedings implicates the secrecy requirement of Federal Rule of Criminal Procedure 6(e), and in light of the strong presumption favoring public access to judicial proceedings, Mr. Windom moves to unseal. Undersigned counsel contacted counsel for the House of Representatives, who declined to take a position at this time regarding this motion. Mr. Windom respectfully requests that the Court issue a decision in this matter on an expedited basis in light of recent public actions that the Chair of the House Committee for the Judiciary has taken that inappropriately impugn Mr. Windom's character and fail to incorporate context that the unsealed judicial proceedings provide.

The "lodestar" for evaluating whether a motion to unseal should be granted is articulated in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). *See also In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020). In *Hubbard*, the D.C. Circuit set forth a multi-factor test for courts to consider in determining whether to seal documents. Under the *Hubbard* test, courts must examine: (1) the need for public access to the relevant documents; (2) the extent of any previous public access to the documents; (3) any objections to the disclosure and the identity of the person



**RECEIVED**

NOV 20 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

making the objection; (4) the strength of any property and privacy interests; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced during the judicial proceeding. *See Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 2 (D.D.C. 2016) (Bates, J.) (applying *Hubbard* factors and denying motion to seal). The *Hubbard* factors overwhelmingly weigh in favor of unsealing these proceedings.

First, the significant need for public access to these documents supports granting the motion to unseal. There is a "strong presumption in favor of public access to judicial proceedings," *Abdelhady v. George Wash. Univ.*, 89 F.4th 955, 958 (D.C. Cir. 2024) (citation omitted), and it is a significant hurdle to overcome this presumption. Further, on November 19, 2025, U.S. House Judiciary Committee ("Committee") Chairman Jim Jordan wrote to Attorney General Pamela Bondi, referring Mr. Windom to the U.S. Department of Justice for potential criminal prosecution based on purported obstruction of a congressional investigation predicated on Mr. Windom's invocation of his Fifth Amendment right to silence. *See* Ex. A (Nov. 19, 2025 Letter from J. Jordan to P. Bondi) (enclosures omitted). In his letter to the Attorney General, Chairman Jordan accuses Mr. Windom of "corruptly" refusing to provide information to Congress that is purportedly required under the law, primarily because Mr. Windom repeatedly invoked the Fifth Amendment at his deposition. *Id.* at 1, 7. The records from this sealed matter are among the evidence demonstrating Mr. Windom's lack of corrupt intent and prove that any such criminal charge would be wholly baseless. Mr. Windom requires access to these documents to defend his reputation, which the Committee has unfairly attacked, and to defend himself should he be criminally charged. It is also in the public interest that these documents be made transparently available to the general citizenry, as well as to the ample media covering Chairman Jordan's letter and any potential—

though meritless—prosecution of Mr. Windom. The significant public need for access to these judicial proceedings weighs heavily in favor of disclosure.

The second *Hubbard* factor is the extent of any previous public access to the documents. While the filings in this matter have not yet been made publicly accessible, many of the exhibits forming part of the record have already been publicized by Chairman Jordan, including the transcripts of Mr. Windom's voluntary transcribed interview and deposition, which the Chairman attached to his letter to Attorney General Bondi and made available on the Committee website.[1] Chairman Jordan's letter also references communications between the Committee, Mr. Windom's counsel, and the Department of Justice that make up part of the record in this sealed case. Further, there has been significant public access to, and public interest in, the filings in the underlying *United States v. Trump* case, No. 23-cr-257 (D.D.C). This factor therefore weighs in favor of disclosure.

The third *Hubbard* factor is whether there have been any objections to the disclosure, and the identity of the party making any objections. We are unaware of any objections to disclosure at the time of filing. Undersigned counsel contacted counsel for the House of Representatives, who declined to take a position at this time with respect to this motion. To the extent the House of Representatives later objects, "[t]he burden to rebut the presumption of disclosure rests with the objecting party." *In re McCormick & Co., Pepper Prods. Mktg. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 464 (D.D.C. 2018) (Huvelle, J.) (citation omitted). Further, the party "seeking to seal court documents must 'come forward with specific reasons why the record, or any part thereof, should remain under seal.'" *Id.* at 464 (citation omitted). In any event, any objection by the House

---

[1] *See* https://judiciary.house.gov/sites/evo-subsites/republicans-judiciary.house.gov/files/evo-media-document/2025-11-19-jdj-to-doj-re-windom-referral.pdf.

to unsealing these proceedings would be meritless, as it is Chairman Jordan's November 19 letter (Ex. A) that has put these records at issue and requires their disclosure. The House cannot now claim that records regarding Mr. Windom's efforts to fulfill his legal obligations should remain sealed. This factor supports disclosure as well.

Fourth, there are no property or privacy interests that would be impacted by disclosure of these judicial records. No specific grand jury materials were disclosed as part of the hearing before the Court. The only arguable privacy interest at stake here would be Mr. Windom's, and he moves to unseal. This *Hubbard* factor thus weighs in favor of disclosure of the proceedings.

Regarding prejudice, the fifth *Hubbard* factor, as noted above the House general counsel has declined to state at this time whether the House objects to the disclosure, but its potential objection would be baseless in any event. A House Committee, or more precisely its Chairman, has taken steps to make these records relevant to a potential criminal investigation. Further, the records in this case are sealed only because Local Criminal Rule 6.1 required it, as Mr. Windom's application concerned matters regarding grand jury records. However, nothing specific about matters occurring before the grand jury was put on the record in any filings or proceedings in this matter. Therefore, there is no risk of any prejudice in unsealing them.

The sixth *Hubbard* factor, the purpose for which the documents were introduced during the judicial proceeding, further weighs in favor of disclosure. The material Mr. Windom seeks to unseal was not ancillary or trivial to the Court's eventual determination; rather, the material forms the entire record of the case and is the predicate upon which the Court made a judicial determination. Mr. Windom filed this sealed case in an effort to comply responsibly with his legal obligations under Federal Rule of Criminal Procedure 6(e), as well as fulfill his obligations to comply with a congressional subpoena. Now that Chairman Jordan has issued a public letter calling

for the Attorney General to prosecute Mr. Windom for allegedly failing to meet those obligations, fairness requires that these records be unsealed.

Under the *Hubbard* factors, Mr. Windom and the public have a strong interest in public access to these records, disclosure of which would not reveal any Rule 6(e) material. There would be no prejudice caused by unsealing these proceedings, as the other party to this matter has placed these documents at issue in a potential criminal investigation. For these reasons, Mr. Windom respectfully requests that the Court grant his Motion to Unseal and further respectfully requests an expedited decision.

DATED: November 20, 2025

Respectfully submitted,

*/s/ Preston Burton*
Preston Burton (D.C. Bar No. 426378)
Rachel Li Wai Suen (D.C. Bar No. 500527)
Jackson Hagen (D.C. Bar No. 1671315)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037-3202
Telephone: +1 202 349 8065
Facsimile: +1 202 339 8500
pburton@orrick.com
rliwaisuen@orrick.com
jhagen@orrick.com

*Counsel for Thomas P. Windom*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 20, 2025, I served a copy of the foregoing document on the Committee by electronic mail to the below counsel of record.

    Matthew B. Berry
    Todd B. Tatelman
    Brooks M. Hanner
    Andy Wang
    Kenneth C. Daines
    Office of General Counsel
    U.S. House of Representatives
    5140 O'Neill House Office Building
    Washington, D.C. 20515
    Matthew.Berry@mail.house.gov
    Todd.Tatelman@mail.house.gov
    Brooks.Hanner@mail.house.gov
    Andy.Wang@mail.house.gov
    Ken.Daines@mail.house.gov

                                            */s/ Preston Burton*
                                            Preston Burton, Esq.